## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES J. ZEIGLER, | ) | |
| VICTORIA M. STURTEVANT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. CIV-23-1071-D |
| v. | ) | |
| | ) | |
| USAA CASUALTY | ) | |
| INSURANCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 8]. Defendant has filed a response [Doc. No. 10], to which Plaintiffs replied [Doc. No. 11]. The matter is fully briefed and at issue.

## BACKGROUND

On January 13, 2023, Plaintiffs filed their original petition in the District Court of Cleveland County, Oklahoma. Pls.' Mot. to Remand at 2. Plaintiffs alleged that their Norman, Oklahoma home was damaged during a hailstorm and that Defendant breached the parties' insurance contract and the implied covenant of good faith and fair dealing. *Id.* at 1-2. In their original petition, Plaintiffs further alleged $74,900 in damages and "specifically represented they were claiming an amount less than that required for diversity jurisdiction." *Id.* at 2.

Eventually, the cost to repair Plaintiffs' home exceeded $74,900, and, on September 8, 2023, Plaintiffs filed an opposed motion to amend their petition in which they stated that

the "amount in controversy is now in excess of $75,000." *Id.* After a hearing on Plaintiffs' motion, the trial court, over Defendant's objection, granted Plaintiffs leave to file their amended petition. *Id.*

Plaintiffs filed their amended petition on November 13, 2023, and Defendant filed its Notice of Removal [Doc. No. 1] in this Court on November 22, 2023—*i.e.*, nine days after Plaintiffs filed their amended petition but over two months after Plaintiffs filed their motion to amend. *Id.*

## DISCUSSION

### I.     Defendant's Notice of Removal was untimely.

The question before the Court is whether Defendant's Notice of Removal was timely filed. Typically, under 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, 28 U.S.C. § 1446(b)(3) governs situations where the initial pleading is not removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiffs argue that Defendant was required to remove this case within 30 days of Plaintiffs filing their motion to amend. Pls.' Mot. to Remand at 4. Specifically, Plaintiffs

rely on the representation in their motion to amend, in which they stated that, based on an updated repair estimate, the amount in controversy exceeded $75,000. *Id.* at 2, 4. Plaintiffs filed their motion to amend on September 8, 2023; therefore, Plaintiffs argue, Defendant was required to remove this case by October 9, 2023. *Id.* at 4.[1]

In response, Defendant argues that it had 30 days from the trial court granting Plaintiffs' motion to amend to remove the case—not 30 days from Plaintiffs filing the motion to amend. Def.'s Resp. at 2. Defendant relies on caselaw purportedly standing for the proposition that "subject matter jurisdiction for removal purposes does not become operative on an amended complaint until a motion for leave to amend the complaint is granted." *Id.* at 3. However, those cases dealt with attempts to amend to *add federal claims*, thus providing a basis for federal jurisdiction that depended on the actual addition of such claims.

Upon consideration, the Court agrees with Plaintiffs that Defendant's 30-day removal deadline started on September 8, 2023, when Plaintiffs filed their motion to amend. As Plaintiffs note, the motion to amend contained an unequivocal statement that the amount in controversy exceeded $75,000. *See* Pls.' Mot. to Remand, Ex. 2 [Doc. No. 8-2] at 1. Moreover, Plaintiffs' proposed amended petition—which was attached to their

---

[1] Plaintiffs also argue that they disclosed the over-$75,000 amount in controversy in their initial disclosure, served on November 13, 2023. *See* Pls.' Mot. to Remand at 2 n.1. Defendant claims to have never received the initial disclosures, while Plaintiffs attach evidentiary support for the initial disclosures having been served via email. Because the Court finds that Plaintiffs' motion to amend started the clock regarding Defendant's removal deadline, the Court does not reach this issue and, therefore, takes no position on whether the initial disclosures were effectively served.

motion to amend as Exhibit 1—stated that Plaintiffs sought damages "in an amount that is not less than $80,609.15." *Id.* at 7.

The plain text of 28 U.S.C. § 1446(b)(3) states that a party has 30 days to remove a case after the receipt of a "motion . . . from which it may first be ascertained that the case is one which is or has become removable." That is precisely what happened here. On September 8, 2023, Defendant could have ascertained that the case was removable based on representations included in Plaintiffs' motion to amend. Therefore, Defendant had until October 9, 2023 to remove the case. But Defendant did not file its Notice of Removal until November 22, 2023.

Defendant's untimeliness renders its removal defective and justifies a remand. *See White v. PDB State Farm Auto. Ins. Co.*, No. 3:13–cv–765–J–99TJC–PDB, 2013 WL 6061890, at *4 (M.D. Fla. Nov. 18, 2013) ("Here, plaintiffs stated twice in the proposed Amended Complaint that their damages exceed the policy limits of $250,000. Plaintiffs' ability and intention to seek that amount of damages is not affected by the state court's disposition of the Motion to Amend. . . . Plaintiffs' assertions are essentially just statements in support of a motion for leave to amend, and 'under the motion portion of 1446(b), the ultimate disposition of the motion is irrelevant . . . .'") (quoting *Engle v. R.J. Reynolds Tobacco Co.,* 122 F. Supp. 2d 1355, 1361 (S.D. Fla. 2000)); *F.W. Myers & Co., Inc. v. World Projects Int'l, Inc.*, No. 96–CV–0763, 1996 WL 550135, at *3 (N.D.N.Y. Sept. 19, 1996) ("The information contained in the papers accompanying the motion for leave to amend the Complaint and in the proposed Second Amended Complaint was sufficient for defendant to intelligently ascertain that the amount in controversy requirement would now

4

be met, regardless of whether or not the state court had granted the motion to amend. The plain language of the statute does not limit defendant to ascertaining removableness based solely on court orders or papers filed with the courts.").

## II.     The parties shall bear their own costs and fees incurred in relation to Plaintiffs' Motion to Remand.

Plaintiffs ask the Court to award reasonable attorney fees and costs incurred as a result of filing their Motion to Remand. *See* Pls.' Mot. to Remand at 4-5. Plaintiffs argue that, because Defendant lacked an "objectively reasonable basis for seeking removal," a fee award is warranted under 28 U.S.C. § 1447(c).

Defendant, on the other hand, argues that, even if the Court remands the case, "there is clear case law and a statutory basis for [Defendant's] filing for removal after Plaintiff's Amended Petition was granted." Def.'s Resp. at 7-8. Therefore, Defendant concludes, fees and costs are unwarranted under these circumstances. *Id.* at 8.

Upon consideration, the Court declines to award attorney fees and costs. Although mistaken, the Court does not find that Defendant lacked an "objectively reasonable basis" for filing its Notice of Removal when it did. *See McDaniel v. Continental Cas. Co.*, No. CIV-17-818-W, 2018 WL 8758739, at *7 n.15 (W.D. Okla. Feb. 16, 2018) (denying request for fees and costs under § 1447(c)); *Jenkins v. Movin on Transp., Inc.*, No. 13–CV–796– GKF–PJC, 2014 WL 3735864, at *2 (N.D. Okla. July 29, 2014) (denying request for fees and costs under § 1447(c) and noting that "untimeliness [of removal] itself is measured against the objective reasonableness requirement"); *Garrett v. Cook*, 652 F.3d 1249, 1254-57 (10th Cir. 2011) (affirming district court's assessment of fees and costs under § 1447(c)

because defendant's "decision to remove [came] years late and [appeared] to have been spurred by a desire to avoid an adverse state-court ruling").

**CONCLUSION**

For the reasons set forth herein, Plaintiffs' Motion to Remand [Doc. No. 8] is **GRANTED**, and this case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The parties shall bear their own costs and fees incurred in relation to the instant Motion.

**IT IS SO ORDERED** this 9th day of January, 2024.


TIMOTHY D. DeGIUSTI
Chief United States District Judge